IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TELECOM ASSET MANAGEMENT, LLC,

    Plaintiff,

  v.

CELLCO PARTNERSHIP, d/b/a VERIZON WIRELESS, VERIZON SOURCING LLC, VERIZON COMMUNICATIONS INC., and DOES 1 through 10, inclusive,

    Defendants.

No. C 14-05021 WHA

**ORDER RE SEALING MOTION (DKT. NO. 21)**

    Plaintiff filed an administrative motion for leave to file under seal portions of Exhibits C, E, and J. Only two supporting documents were filed: (1) a vague three-paragraph declaration by Attorney Michelle Carter and (2) a stipulation, signed by counsel, dated December 19, 2014, stating that the "proposed fee structures and handling of fees" and "edits" were "private, proprietary and confidential." No other declaration was filed. *See* Civil Local Rule 79-5(e)(1).

    For sealing motions, our analysis begins with a "strong presumption" in favor of access to court records. *Foltz v. State Farm Mutual Automobile Insurance Company*, 331 F.3d 1122, 1135 (9th Cir. 2003). For non-dispositive motions, the "good cause" standard applies. Nevertheless, there must be a "particularized showing" that specific harm or prejudice will result if the information is disclosed. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir. 2006). Here, the parties' showing is unsatisfactory. No sworn declaration cogently stating a particularized showing of specific harm or prejudice that would result if the information is disclosed was timely filed. Furthermore, the sealing motion was overbroad. Accordingly, the motion is **DENIED**.

    Nevertheless, the following limited relief will be allowed. By **JANUARY 2, 2015**, plaintiff shall file the declaration of Steven Strong, with exhibit pages (and tabs), laying bare all except

for the following limited redactions which may be sealed: (1) the percentages in the table on page 2 of Exhibit C and on page 3 of Exhibit E; (2) the dollar amounts and percentages referenced in the table on page 3 of Exhibit C and on page 5 of Exhibit E; (3) the percentage referenced in paragraph four on page 4 of Exhibit C and in paragraph one on page 6 of Exhibit E; (4) the formulas and dollar amounts referenced in the two tables on page 5 of Exhibit C and on pages 6 and 7 of Exhibit E; and (5) the wire transfer number referenced in Exhibit J. Everything else, including the tracked changes, must be filed publicly.

The parties are hereby warned that in the future, if sealing motions are non-compliant, they may be denied in their entirety. Please remember that the parties must make a good-faith determination that any information designated "confidential" truly warrants protection under Rule 26(c) of the Federal Rules of Civil Procedure. Designations of material as "confidential" must be narrowly tailored to include only material for which there is good cause. A pattern of over-designation may lead to an order un-designating all or most materials on a wholesale basis and/or sanctions. Moreover, most summary judgment motions, motions *in limine*, trial briefs, and supporting materials should be completely open to public view. Only social security numbers, names of juveniles, home addresses, and trade secrets of a compelling nature (like the recipe for Coca Cola, for example) will qualify for a sealing motion. Please make sure all exhibits have exhibit pages and tabs so that it can be ascertained where one exhibit ends and the next one begins.

**IT IS SO ORDERED.**

Dated: December 30, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE